**IT IS ORDERED as set forth below:**



Date: July 12, 2023

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 02-82782-pwb |
| | : | |
| Jeron Nichols, | : | |
| Debtor. | : | Chapter 13 |
| | : | |

**ORDER ON APPLICATION FOR UNCLAIMED**
**FUNDS OF FIRST HORIZON HOME LOANS**

First Horizon Home Loan Corporation filed a proof of claim (Claim No. 1) asserting a debt secured by real estate, with an arrearage due of $ 5,158.90.

The Court confirmed the Debtor's chapter 13 plan on March 5, 2003. [12]. The Debtor moved to dismiss the case voluntarily on August 1, 2003 [14] and the Court dismissed it on August 6, 2003. [15]. In the meantime, the Chapter 13 Trustee disbursed $ 415.46 to "First Home Mortgage" on the arrearage claim, which must have been a distribution on the claim filed by First Horizon Home Loans Corporation. [16].[1]

---

[1] The amount of the claim shown on the Chapter 13 Trustee's Final Report and Accounting matches the amount of

No one claimed $ 358.85 of the distributions made to First Horizon Home Loan Corporation. Accordingly, the Trustee paid the funds into the registry of the Court pursuant to 11 U.S.C. § 347(a).

First Horizon Bank ("Creditor") has filed an application for payment of the unclaimed funds to it, as the successor by merger to First Horizon Home Loan Corporation. [18].

Section 347(a) provides for the disposition of unclaimed funds paid into the Court's registry under chapter 129 of title 28 of the United States Code. The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. A creditor to whom a distribution in a bankruptcy case is payable retains a property interest in such funds. *See Leider v. United States*, 301 F.3d 1290, 1296 (Fed. Cir. 2002).

Under statutory requirements and due process principles, the Court has the duty make sure that unclaimed funds are disbursed to their true owner. Because an application for unclaimed funds is typically considered *ex parte,* the Court must insist on exact compliance with legal requirements before authorizing the disbursement of unclaimed funds to an applicant. *In re Applications for Unclaimed Funds,* 341 B.R. 65 (Bankr. N.D. Ga. 2005).

A creditor applying for unclaimed funds must affirmatively show that it has a "present entitlement to the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr. D.D.C. 2002). *Accord, In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006). A creditor does not have the required present entitlement if its claim has been paid, if there is no enforceable claim after foreclosure of its collateral, or if the debtor is current without regard to the arrearage payment through the Chapter 13 case that the creditor has not claimed. Thus, an applicant seeking

---

the arrearage on Proof of Claim No. 1.

2

unclaimed funds due to distributions that were made on account of a secured claim must show that the debt has not been satisfied (through payment or foreclosure) and that an amount is currently due and payable to which the unclaimed funds may lawfully be applied.

The Creditor's application contains no information from which the Court can determine that a debt still exists. In the almost 20 years since the closing of this case on October 24, 2003, it is quite possible that the Debtor satisfied the Creditor's note and security deed through a sale or refinancing of the property and that the amount the Debtor paid upon sale or refinancing included the arrearage that they had paid through their plan. It is also possible that the Creditor foreclosed on the property and bid in its debt without accounting for the unclaimed funds. Finally, it is conceivable that the Debtor brought the mortgage current after the closing of the bankruptcy case by paying the entire arrearage (without credit for the unclaimed funds) and then made all other payments in accordance with the note. If so, the Creditor collected its entire debt, the Debtor overpaid, and the Debtor would be entitled to the unclaimed funds as a refund of the overpayment.

In any of these circumstances, it would appear that the Debtor, not the Creditor, would be entitled to the unclaimed funds.

The Court declines to permit disbursement of the unclaimed funds to the Creditor without information showing that a balance remains due and owing on the note, that it is entitled to collect the remaining balance, and that it has not otherwise received payment of the arrearage. The information should include properly authenticated records that show the remaining balance that the Debtors currently owe and an accounting of payments due and received on the note since the filing of this case on December 13, 2002.

In accordance with the foregoing, it is hereby **ORDERED** as follows:

1. The application is denied, without prejudice.

2. Any further application by the Creditor must be served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure on the Chapter 13 Trustee identified below[2] and on the Debtor, accompanied by a certificate of service that establishes that the address for service on the Debtor is current.

3. If the Debtor contends that the Debtor is entitled to the unclaimed funds, the Debtor may file an application for disbursement to the Debtor.. Any application by the Debtor shall be served in accordance with Rule7004 of the Federal Rules of Bankruptcy Procedure on the Chapter 13 Trustee and on the Creditor to the person identified below who filed the application on behalf of the Creditor.

## [END OF ORDER]

**This Order was not prepared for publication and is not intended for publication.**

## Distribution List:

Norris Jackman
First Horizon Bank
800 South Gay Street, 4th Floor
Knoxville, TN 37929

K. Edward Safir
Chapter 13 Trustee
285 Peachtree Center Ave NE
Suite 1600
Atlanta, GA  30303

Richard E. Reiter, Jr.
The Reiter Law Firm, P.C.
175 East Georgia Avenue
Fayetteville, GA 30214

Jeron Nichols
1376 Highgrove Way
College Park, GA 30349

---

[2] Mary Ida Townson was the Chapter 13 Trustee in this case and was discharged upon the filing of her final accounting. Ms. Townson has since resigned to accept the position of United States Trustee for Region 21, and K. Edward Safir was appointed to serve in cases in which she was the Chapter 13 Trustee.

4